The first case of the day is in re Kathleen T. 410385 consolidated with 410386. We have for the appellant Cynthia Tracy and for the appellate David Manchin. Please continue. May it please the court and counsel. These cases come before the court. They're mental health cases from Sangamon County. Just briefly, and thank you for consolidating them for argument. On April 27th the respondent went to the ER twice and that day she was examined once at Roman Hospital in Bloomington and then shipped to McFarland for a second examination. Also that day the petition for emergency involuntary admission was filed. The next day the court set a hearing for April 30th which would be the customary Friday court date in Sangamon County. That day the court simply entered an order over her objection continuing the hearing for a week. Was she present at the continuance? I don't know. There's no record of the continuance. Well, in Sangamon County on the docket sheets if there's a hearing they list the court reporter, the clerk, I guess that's pretty much it. The judge. And the judge, thank you. And for that date in her case there's just an order entered so I'm guessing there was just an order entered. Do we know that she objected? Yes. How do we know that? It says it on the order over her objection. So we don't know if she was brought into the courtroom? No. We don't know any of that. Somebody had to object, right? Well, at least her attorney objected I'm guessing. But at any rate it appears from the record there was no contested hearing about it except I guess from her viewpoint she objected but no actual hearing as we would call it. And then probably after that McFarland decided to file a medications petition which they did that next Tuesday on May 4th. Actually that's the day her commitment hearing should have been held based on section 3-611 because this was an emergency petition. So there is a five day window for them to conduct her hearing. That day the court set the METS hearing for the same day to which the commitment hearing had been continued. So I think they were attempting to coordinate the two petitions but actually they failed because according to the mandates of article 6 her commitment hearing was late but according to 2-107.1 her METS hearing was early because on May 5th they mailed her notice, they mailed her attorney notice and there had been some discussion about whether or not she had a POA. Actually her son was her POA for healthcare but on the METS petition they indicated that if they had located that document it would have been attached and it was not. However in the commitment petition they gave him notice and the METS proceeding they did not but it was, I think the record seems to indicate that they were estranged at any rate. She didn't really encourage them to contact him. He didn't seem real receptive to dealing with her so that was another unfortunate situation but anyway on May 7th when the hearings happened she walked out of her commitment hearing and the court nevertheless committed her based on the testimony of the doctor but by the time the METS hearing happened she didn't appear at that. Her attorney asked that her appearance be excused and I only mention that because I think from what transpired that day, these were separate hearings, however it was clear that it was not a good day for the respondent and I think that that could weigh into this court's determination whether there was a prejudicial error. Due to the defective notice so essentially she's asking this court for strict compliance with both provisions at issue in this case. Both those provisions on their face seek to balance the state's and her interests and both statutes are clear. Neither statute clearly provides a remedy for noncompliance but this court has on several occasions upheld those mandates for strict scrutiny and she respectfully asked for that in this case and asked the court to reverse both decisions. Well I'm confused. What about 5-3-800 which talks about continuances for up to 15 days? I think that article 3-611 would control. I think it's more specific and I think since this is an emergency proceeding that that would be controlling. I think the cases that have interpreted section 3-800B, in particular Williams, they've dealt with cases where, well Williams in fact dealt with a request for an independent exam that he had pending and also there were multiple petitions pending and also the petitions pending were articles 7, issues rather than article 6, emergency proceedings and I think the whole purpose of article 6, if you're going to file an emergency proceeding then I think it should be treated like an emergency proceeding and I think this court has taken that viewpoint. Even way back in DeMere where really the same type of issue came up with section 3-606 and not with the timeliness of the hearing but rather with the timeliness of the filing of the petition and I think the same type of analysis applies here. Would it be fair to say that over the past few years without any, we've got a statutory framework of how these things are supposed to work but there is also a reality that various mental health treatment facilities around the state of Illinois have been closed by the state and people from substantial distances away are now all being funneled into the state of Illinois. That does create somewhat of a practical problem in terms of marshalling reports, facts, witnesses, so on and so forth from substantial distances. Should that be a consideration here? I think it's a realistic consideration and it's unfortunate happening here in Sangamon County but I still think that each individual person, like for her, we don't know that she had ever been involved in one of these proceedings before. She had some past short hospitalizations but for her this, as far as we know, was her first commitment order and these were new medications for her that she certainly had never been ordered to take. So I recognize the problems in this county in particular but I still think we have to look at the rights of the respondent to have a timely hearing and I think it would be up to the courts to honor the intent of the statute and her rights as well. Thank you counsel. Thank you. Mr. Manchin. Good morning, Your Honors. I'm pleased to report to counsel. In this case, the five-day period was waived by the continuance. I do not think that this court can read out the section 800 that gives the court on its own motion or the motion of the parties to grant a 15-day continuance. There is nothing in either statutory provision that says you cannot grant a continuance in these emergency petitions. In fact, the statute is broad enough that the continuance applies to any proceedings. The continuance was requested. The continuance was within the 15 days. This is a timely hearing. The defendant does not have the fact that the respondent objected to a continuance does not create a veto or does not preclude the courts from issuing a continuance. And the very fact that we don't know what happened at the hearing is laid at the door of the respondent because it's their responsibility on appeal to present either a transcript of a hearing or a bystander's report of that hearing. What this record shows is that there was a hearing held, that the objection was overruled, and that the continuance was granted. When there's no transcript, there's a presumption that the trial court's ruling was correct and was based on the law and on the facts. What does the DeMere case say? I frankly don't remember the DeMere case. It's been a while since I've looked at it. As far as the drug authorization, the respondent is correct that the statute requires three days and that a respondent was only given the two days' notice. Unfortunately for the respondent, no objection was made below under split. But the complete absence of any notice is waived by the failure to object. So I think the same rule should apply to the failure to object to untimely notice. Also, in CE, the court says that a failure of notice does not require a reversal absence of showing of prejudice. There is absolutely no showing of prejudice here. There's no showing that an additional day would have brought the power of attorney person into court. The record shows that the respondent was obstructing any efforts to contact that individual. The attorney was present. There was testimony presented. The attorney was prepared for this hearing for the administration of drugs. So that the one day short on notice did not cause and could not have caused any prejudice in this instance. Under the case law, the mistake in the date between the day of the petition and the day of the hearing should not require reversal. Thank you. The respondent still submits that she waived neither of her arguments. She asked the court to look to their own DeLong case, which found that waiver limits the parties, not the courts. And especially when there's been a strong potential for prejudice and a violation of her liberty interest, which she submits occurred here. The DeMere case was a Champaign County case in which a respondent was brought to the mental health center by the police. The police failed to sign the petition as then they were required to under section 3-606. As an accommodation to busy policemen, the statute was changed after that so that all the participants that the police had to do in the event of a transport was to give their badge number, their name, and their employer. So DeMere came about, DeMere probably actually precipitated that change for the benefit of policemen, but also DeMere held that if an emergency petition was not timely filed within 24 hours, that that was a fatal defect, that that was critical in those cases, and I think the court went so far as to find it a jurisdictional defect. Also, NRACE was, as we all know, the hallmark, the base for section 2-107.1, it was the case after 2-107.1 was passed that pointed out all the serious side effects and implications of forcing someone to take these very serious medications. I know in this day and age we tend to look at medications as a way of life, especially in mental health. But if we look back at what started all this, NRACE not only pointed out all those important considerations, but also the fact that not only does 2-107.1 frame the substantive issues that must be proved in a case, but also there are certain procedures that need to be followed in these cases. And in fact, there should be strict compliance with those requirements as well. And if not, that's a serious problem. So again, simply entering a continuance order in the commitment case over her objection was not waived in her opinion. It was a fatal problem. And the fact that it was a serious defect was another serious defect. So she asked that both orders be waived.